IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CAROLINE ELEY BURTON,            :
                                 :
         Plaintiff,              :
                                 :
    v.                           : Civil Action No. 10-186-JJF-MPT
                                 :
RITE AID PHARMACY,               :
                                 :
         Defendants.             :

Caroline Eley Burton, Pro se Plaintiff. Millsboro, Delaware.

David A. Felice and Sean J. Bellow, Esquires, Ballard Spahr LLP, Wilmington, Delaware. Attorneys for Defendant.

**MEMORANDUM OPINION**

May 12, 2010
Wilmington, Delaware

**Farnan, District Judge**

Plaintiff Caroline Eley Burton ("Plaintiff"), filed this action on March 8, 2010. She appears pro se and has been granted leave to proceed in forma pauperis. (D.I. 4.) For the reasons discussed below, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

I. **BACKGROUND**

Plaintiff was employed by Addus HealthCare from October 10, 2004 until October 27, 2009, without incident. Plaintiff alleges that once R.N. Brenda Wong ("Wong") "came on board" she made racial and demeaning remarks to Plaintiff and "tried to find anything" to have Plaintiff fired.

The Complaint explains that while on vacation, Plaintiff purchased a prescription at Defendant Rite Aid Pharmacy's ("Defendant") Millsboro, Delaware store. Plaintiff was given permission by her client's father and two sisters-in-law, who had his power of attorney, to use one hundred dollars per week or the change that was left over. Wong was unaware of this private arrangement.

Plaintiff alleges that Wong "came across" her worksheet, telephoned the Millsboro Rite Aid Pharmacy and provided the pharmacy with information without a written authorization from Plaintiff, the family, or guardian, and that pharmacy tech Joan

1

("Joan") gave Wong private information.[1] Plaintiff alleges that there was no subpoena or warrant and that Joan violated the P.H.I. Law[2]/HIPPA Law (i.e., Health Insurance Portability and Accountability Act of 1996) ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996).[3]

Plaintiff was terminated from her position after five years with Addus HealthCare. She seeks compensatory damages.

## II. STANDARD OF REVIEW

This Court must dismiss, at the earliest practicable time, in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.[4] See 28 U.S.C. § 1915(e)(2). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds pro se, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

---

[1] Plaintiff alleges that Wong was not in charge of receipts or Plaintiff's worksheets.

[2] Protected health information.

[3] Spelled incorrectly by Plaintiff as "HIPPA."

[4] Defendant prematurely answered the Complaint, prior to screening of the Complaint or entry of a service order. See 28 U.S.C. § 1915; Fed. R. Civ. P. 4(c).

2

lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend her Complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. See Ashcroft v. Iqbal, -U.S.-, 129 S.Ct. 1937 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Id. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. Id. The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. at 210-11. Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that Plaintiff has a "plausible claim for relief."[5] Id. at 211. In other words, the Complaint must do more than allege Plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. Id. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown -

---

[5]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

4

that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

The Complaint contains allegations of a HIPAA privacy violation. HIPAA provides for confidentiality of medical records and governs the use and disclosure of protected health information by covered entities that have access to that information and that conduct certain electronic health care transactions. Sneed v. Pan Am. Hosp., No. 09-14697, 2010 WL 971894, at *2 (11th Cir. Mar. 18, 2010) (citing 45 C.F.R. § 164.502). HIPAA provides both civil and criminal penalties for improper disclosures of medical information and limits enforcement of the statute to the Secretary of Health and Human Services. Id. (citing 42 U.S.C. §§ 1320d-5(a)(1), 1320d-6.)

The existence of a private cause of action is a "prerequisite for finding federal question jurisdiction." Alexander v. Sandoval, 532 U.S. 275, 286 (2001) ("private rights of action to enforce federal law must be created by Congress . . ."); Smith v. Industrial Valley Title Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992) (no subject matter jurisdiction because the Internal Revenue Code did not provide for a private federal remedy). The U.S. Court of Appeals for the Third Circuit has not specifically addressed the issue of whether there is an express or implied private right of action under HIPAA. However, other

federal appellate and district courts, including this district, have held that there is no such right. See Sneed, 2010 WL 971894 (11th Cir. Mar. 18, 2010); Adams v. Eureka Fire Prot. Dist., 352 F. App'x 137 (8th Cir. 2009) (not published); United States v. Streich, 560 F.3d 926 (9th Cir. 2009); Sweeney v. Department of Homeland Sec., 248 F. App'x 179 (D.C. Cir. 2007) (not published); Acara v. Banks, 470 F.3d 569 (5th Cir. 2006); Buchanan v. Gay, 491 F. Supp. 2d 483 (D. Del. 2007); Dominic J. v. Wyoming Valley West High Sch., 362 F. Supp. 2d 560, 574 (M.D. Pa. 2005); Merling v. Horizon Blue Cross Blue Shield of New Jersey, Civ. No. 04-4026 (WHW), 2009 WL 2382319 (D.N.J. July 31, 2009); Carney v. Snyder, No. C.A. 06-23 ERIE, 2006 WL 2372007 (W.D. Pa. Aug. 15, 2006); Rigaud v. Garofalo, No. Civ. A. 04-1866, 2005 WL 1030196 (E.D. Pa. May 2, 2005).

HIPAA fails to provide for a private federal remedy. As a result, this Court lacks subject matter jurisdiction over Plaintiff's claims. Therefore, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV. CONCLUSION

For the above reasons, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the Complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of

6

<u>Reading</u>, 532 F.2d 950, 951-52 (3d Cir. 1976). An appropriate Order will be entered.